Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Mills,<br><br>                    Plaintiff,<br><br>v.<br><br>The Finish Line, Inc.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT** |

Plaintiff William Mills, by and through undersigned counsel, seeks relief in this Original Complaint against Defendant The Finish Line, Inc. ("Finish Line") as follows:

## INTRODUCTION

1.      This is case of race discrimination in employment in violation of 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981.

## THE PARTIES

2.      Plaintiff William Mills is an individual resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of Finish Line within the meaning of Title VII and 42 U.S.C. § 1981

3.      The Finish Line, Inc. is an Indiana corporation with offices in Maricopa County. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

4.      Defendant was an employer of Plaintiff within the meaning of 42 U.S.C. § 2000e and 42 U.S.C. § 1981, at all times material to this action.

5.      At all times pertinent to this Complaint, Finish Line's management officials were acting within the course and scope of their employment with Finish Line; and as a result thereof,

Defendant Finish Line is responsible and liability is imputed for the acts and omissions of its management officials, as alleged herein, under the principle of *respondeat superior*, agency, and/or other applicable law.

6.    Defendant, at all times material hereto, upon information and belief employed over 500 persons.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1343, 2201 and 2202, and to award attorney's fees under 42 U.S.C. § 1988.

8.    The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

9.    Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10.    Mr. Mills worked for Finish Line beginning November 2010.

11.    Mr. Mills is a black African-American.

12.    He served as a "Manager-in-Training."

13.    In that position, Finish Line was preparing him to be a Store Manager when such a position opened up – which was rare but did happen several times during Mr. Mills' employment.

14.    After a few years in that position, he began to realize that his (white) District Manager was hiring, "fast-tracking" and promoting in front of him only white individuals to the various Store Manager positions that a "manager-in-training" in good standing was supposed to receive.

15.    Often these promoted candidates had been hired by Finish Line well after Mr. Mills' start date and lacked the seniority and experience that he had achieved.

16.    Shortly thereafter, the store manager trainer sent out an email to the entire District in which Mr. Mills worked stating "We can't have people who don't look like they belong in our stores."

17.    Subsequently, Finish Line destroyed or attempted to destroy all available copies of

that email.

18.    Upon information and belief, the District Manager was aware of Mr. Mills' applications for the Store Manager positions.

19.    Upon information and belief, the District Manager was aware of Mr. Mills' race.

20.    Despite qualified non-white candidates working as "managers in training," including Mr. Mills, the District Manager promoted only white individuals to Store Manager positions five times in a row.

21.    On the final occasion in May 2015, Mr. Mills voluntarily resigned his employment, realizing that he would never be hired as a Store Manger so long as Finish Line continued its discriminatory practices.

22.    Plaintiff filed a charge of discrimination with the EEOC on or about August 11, 2015 alleging race discrimination. A true and correct copy of that charge of discrimination is attached hereto as Exhibit A.

23.    The EEOC issued a determination that Finish Line violated EEOC regulations. A true and correct copy of that determination is attached hereto as Exhibit B.

24.    The EEOC issued a notice of suit rights on April 29, 2019. A true and correct copy of that right to sue letter is attached hereto as Exhibit C.

25.    This suit is brought within 90 days of Plaintiff's receipt of the notice of right to sue from the EEOC.

26.    All conditions precedent necessary to the filing of this lawsuit have occurred.

**FIRST CAUSE OF ACTION – TITLE VII DISPARATE TREATMENT**

27.    Plaintiff incorporates herein all preceding allegations.

28.    Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(a).

29.    Defendant has directly discriminated against Plaintiff in the terms and conditions of his employment by treating Plaintiff disparately on the basis of his race, black, in violation of Title VII.

30.    As a result of the foregoing, Defendant is liable to Plaintiff for violation of Title VII.

31.    Defendant's acts of discrimination and creating a hostile work environment were



unlawful and intentional.

32.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages caused by Defendant's actions unless and until this Court grants relief.

33.    Defendant's conduct harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.

34.    Defendant is therefore liable to Plaintiff for punitive damages.

## SECOND CAUSE OF ACTION – TITLE VII DISPARATE IMPACT

35.    Plaintiff incorporates herein all preceding allegations.

36.    As more fully described above, Defendant employed the practice and policy of appointing only white individuals to Store Manager positions during Mr. Mills' employment.

37.    Defendant did so while ignoring its own stated principles of seniority and preferring experienced individuals to newer hires.

38.    Accordingly, Defendants' practices and policies have had a disparate and discriminatory impact on African-Americans such as Mr. Mills applying or qualified for the position of a Store Manager.

39.    Mr. Mills has been damaged by such practices when he applied for and was not awarded the position of Store Manager on multiple occasions and the positions was each time awarded to a white individual.

40.    As a result of the foregoing, Defendant is liable to Plaintiff for violation of Title VII.

41.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages caused by Defendant's actions unless and until this Court grants relief.

42.    Defendant's conduct harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.

43.    Defendant is therefore liable to Plaintiff for punitive damages.

## THIRD CAUSE OF ACTION - RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981

44.    Plaintiff incorporates herein all preceding allegations.

45.    Plaintiff is a member of a non-white racial minority – black African-American.



46. Plaintiff's employment with Defendant was contractual in nature.

47. Defendant discriminated against Plaintiff based on his race in the performance and modification of his employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48. Specifically, Defendant discriminated against Plaintiff compared to other similarly-situated white individuals in that Plaintiff was not promoted when he applied for promotions for which he was well-qualified.

49. Defendant made clear that those who were not white were not individuals who matched the "look" Defendant wanted to establish in its stores.

50. Defendant's discrimination was intentional.

51. As a direct and proximate result of the above-alleged intentional acts or omissions of Defendant, Plaintiff has suffered damages.

52. Plaintiff's supervisors (Defendant's management officials) personally acted with malice or reckless indifference to Plaintiff's federally protected rights.

53. Plaintiff therefore also seeks punitive damages for Defendant's actions.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

56. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## JURY TRIAL DEMANDED

57. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1. Declaring that the acts and practices complained of herein are in violation of federal law;



2. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

3. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

4. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury.

5. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein.

6. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 26th day of July, 2019,

Joshua Carden Law Firm, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*William Mills*

